UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    ) CHAPTER 13
                                          )
JOIE LEE JOHNSON,                         )
                                          ) CASE NO. 10-95115-JRS
                                          )
        DEBTOR.                           )

## OBJECTION TO CONFIRMATION

COMES NOW ADAM M. GOODMAN, TRUSTEE herein, and objects to Confirmation of the Plan for the following reasons:

1.  The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

2.  The Debtor has failed to provide sufficient pay advice information for the Trustee to determine whether the Debtor's plan provides for the appropriate applicable commitment period. 11 U.S.C. Sections 521(a)(1)(B)(iv), 1325(a)(3), and 1325(b)(4).

3.  The schedules provide that C&C Custom Homes, Inc., has a secured or priority claim, however, the Chapter 13 Plan fails to provide for said creditor, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

4.  The Debtor should provide proof of the fair market value of real estate in Sunnyside, Georgia so the Trustee may conduct a hypothetical liquidation analysis. 11 U.S.C. Sections 1325(a)(3) and 1325(a)(4).

5.  The Debtor should provide proof of the $272.00 telecommunication expense, $167.00 phone/internet/cable expense, $350.00 children's school expense, $367.00 monthly expense for non-filing spouse's auto and $400.00 monthly for Debtor's school expenses reflected on Schedule J. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

6.  In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $2,800.00 monthly income as a pastor, $1,150.00 social security income, $2,175.00 income from foster children assistance, non-filing spouse's $1,212.00 unemployment income and non-filing spouse's $1,553.00 income from seasonal employment to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7.   The funding of post-petition mortgage installments have not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

8.   The Chapter 13 budget reflects a $500.00 per month grooming expense, $439.00 per month telecommunication/phone/internet/cable expense, an expense amount that may be excessive and unnecessary for the maintenance or support of the Debtor or dependents, in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

9.   The Debtor's Chapter 13 Plan fails to provide for an increase in payments when direct payments at $367.00 per month for non-filing spouse's auto end; this may show lack of good faith or create a disposable income problem in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

10.   Schedule A fails to correctly reference the address on real estate in Sunnyside, Georgia, which is the subject of this Chapter 13 estate.

11.   Debtor should clarify whether he still has an interest in the real estate in Sunnyside, Georgia, as he could not testify to it.

12.   Pursuant to Debtor's testimony, Debtor no longer has church business expenses of $1,850.00 per month. Debtor should contribute the $1,850.00 additional disposable income to the plan.

13.   Debtor has filed three (3) previous bankruptcy cases to-wit: case number 06-72508 filed October 3, 2006 and dismissed after confirmation October 17, 2007 because the Debtor defaulted in payments to the Trustee within six months of confirmation; case number 07-79790 filed November 28, 2007 and dismissed prior to confirmation May 12, 2008 because the Debtor defaulted in payments to the Trustee and because Debtor failed to appear at the 341; case number 10-66048 filed March 1, 2010 and dismissed after confirmation November 12, 2010 because the Debtor defaulted in payments to the Trustee within six months of confirmation.

Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

     WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days.

\_\_\_\_/s/_____  
Mandy K. Campbell, Attorney  
for Chapter 13 Trustee  
GA Bar No. 142676

Adam M. Goodman, Chapter 13 Trustee  
Suite 200 – 260 Peachtree Street, N.W.  
Atlanta, Georgia 30303  
(678) 510-1444

10-95115-JRS

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR:

JOIE LEE JOHNSON
6107 WINVIEW DRIVE
FOREST PARK, GA 30297

ATTORNEY FOR DEBTOR:

DARRELL L. BURROW
4812-A OLD NATIONAL HIGHWAY
COLLEGE PARK, GA 30337

the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 18th day of January 2011.

_____/s/_____

Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444